

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUNDS SOCIETY, FSB, | § § § | |
| *Plaintiff* | § § | W-18-CV-00235-ADA |
| -vs- | § § § | |
| TOM OWENS, | § § | |
| *Defendant* | § | |

## ORDER

Came for consideration Plaintiff's Motion for Default Judgment (ECF No. 10) and Motion for Attorney's Fees, (ECF No. 13). Having reviewed the Motions, the governing law, and the file in this case, the Court now enters the following Order **GRANTING** the Motions.

## BACKGROUND

This action arises out of a security interest on a piece of real property located at 117 Cleveland St., McGregor, Texas 76657-1790 (the "Property"), otherwise described as follows:

> BEING ALL THAT CERTAIN PROPERTY DESCRIBED AS LOT 11 (ELEVEN) IN BLOCK TWENTY THREE (23) IN THE TOWN OF MCGREGOR AS SHOWN BY THE MAP OF SAID TOWN AS MADE BY E.F. BATTE OF RECORD AT PAGE 168, BOOK 41, MCLENNAN COUNTY, DEED RECORDS.

Tom and Janet Owens received title to the Property by a warranty deed executed on March 30, 1992, from Charlie Owens.

On May 1, 2001, Tom Owens and Janet Owens executed a Loan Repayment and Security Agreement (the "Note") with Household Bank, F.S.B. ("Household") in which they indicated that they were giving Household a security interest in the Property. Concurrently with the Note, Tom and Janet Owens executed a Mortgage Home Equity- First Lien (the "Security Instrument")

which granted a security interest in the Property.[1] After a series of conveyances, Plaintiff became the legal owner and holder of the Note, and mortgagee of the Security Instrument.

Under the terms of the Note and Security Instrument, if Tom or Janet Owens failed to make payments on the Note when the payments became due or failed to comply with all the covenants and conditions of the Security Instrument, then Plaintiff could enforce the Security Instrument by selling the Property according to law and the provisions set forth in the Note and Security Instrument.

Tom and Janet Owens failed to comply with all the covenants of the Security Instrument and make payments on the Note; thus, Plaintiff instituted this current lawsuit on August 16, 2018 to request to Court to enter an order (1) declaring Plaintiff the owner and holder of the Note and Security Instrument, (2) reforming the Security Instrument to show the Property to be foreclosed, and (3) allowing Plaintiff to foreclose on the property. Plaintiff also requested that attorney's fees and court costs be awarded as a further obligation on the loan.

Plaintiff later settled with Janet Owens, and the Court entered an Agreed Order on October 29, 2018 that dealt with all Plaintiff's claims against Janet Owens. ECF No. 8. Plaintiff also completed service on Tom Owens on August 24, 2018. ECF No. 5. As of this Order, Defendant Tom Owens has failed to file an answer or otherwise appear in this action. On November 15, 2018, Plaintiff filed a Motion for Entry of Default against Tom Owens. ECF No. 9. On the same day, it also filed a Motion for Default Judgment Against Tom Owens. ECF No.

---

[1] The Security Instrument incorrectly described the property as follows:

> BEING ALL THAT CERTAIN PROPERTY DESCRIBED AS LOTS (11) AND TWELVE (12), IN BLOCK TWENTY THREE (23) IN THE TOWN OF MCGREGOR AS SHOWN BY THE MAP OF SAID TOWN AS MADE BY E.F. BATTE ENGINEER AND OF RECORD AT PAGE 168, BOOK 41, MCLENNAN COUNTY DEED RECORDS.

Lot (12) should not have been included in the description of the Property in the Security Instrument. Therefore, this Court's Order only pertains to Lot (11), and the Court reforms the Security Instrument to only cover Lot (11).

10. On November 19, 2018, the Clerk of Court filed an Entry of Default. On December 5, 2018, Plaintiff filed a Motion for Attorney's Fees. ECF No. 13.

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the Court may enter a final judgment without conducting a trial on the merits. Fed. R. Civ. P. 55(b). Default judgments are disfavored and should only be granted in "extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, granting default judgment is generally a matter within the district court's discretion. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

Obtaining a default judgment is a three-step process: (1) default by the defendant; (2) an entry of default; and (3) the default judgment itself, issued by the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). There can be no default if the defendant has not been served. *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1152 n.11 (2nd Cir.1995). The plaintiff bears the burden of showing that the summons and complaint were served upon the defendant on a certain date. *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Judgment cannot be rendered against a defendant unless the defendant has been served with process or has otherwise appeared or waived service of process. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). After the defendant's default has been entered, and upon the plaintiff's request for entry of judgment on the default, the court deems the plaintiff's well-pleaded factual

allegations admitted. *See Nishimatsu Constr. Co., Ltd. V. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Although, as aforementioned, a court deems well-pleaded facts as admitted, the court must still determine whether those facts state a claim upon which relief may be granted. *See Lewis*, 236 F.3d at 767 (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants). In the instant case, the foregoing requirements are met, and Plaintiff is entitled to a default judgment against Defendant.

## DISCUSSION

Plaintiff has shown that a default judgment should be entered against Defendant. The docket of this case indicates that Defendant has been served and failed to file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure, (ECF No. 5), that Defendant is neither a minor nor serviceman, (ECF No. 10-1), and that the District Clerk has entered a default against him, (ECF No. 12). Default judgment is thus procedurally appropriate. Furthermore, the facts Plaintiff pleads state a claim upon which relief may be granted. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgement against Defendant Tom Owens is **GRANTED**. The Court hereby finds the following:

1. The material allegations of the Original Complaint are deemed admitted as to Defendant Tom Owens.

2. The event of default has occurred on the Note, and that the Security Instrument provides Plaintiff, as mortgagee of the Security Instrument, in the event of a default on the obligations of the Note, with a first lien security interest on the Property.

3. Plaintiff is the mortgagee of the Security Instrument.

4. The Security Instrument is reformed so that the Security Instrument only covers Lot Eleven (11) in Block Twenty-Three (23) in the town of McGregor.

5. The following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court.

6. Plaintiff, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and § 51.002 of the Texas Property Code.

7. Plaintiff may further communicate with Defendant, and all third parties reasonably necessary to conduct the foreclosure sale.

8. All costs are to be taxed against Defendant.

9. Plaintiff should be awarded attorney's fees in the amount of $5,329.50 for reasonable and necessary fees in filing and prosecuting Plaintiff's claims to enforce its interest in the Property.[2]

**SIGNED** this 10th day of December, 2018.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is entitled to attorney's fees under Texas Civil Practice & Remedies Code § 38.001(8). Plaintiff has provided the Court with a reasonable hourly rate and the total number of hours expended on this case, and Plaintiff has shown that the time expended was reasonable and necessary and that the costs incurred were necessary. ECF No. 13-1 at 2–18.