IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
DEC 10 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUNDS SOCIETY, FSB, <br> *Plaintiff* <br><br> -vs- <br><br> TOM OWENS, <br> *Defendant* | § § § § § § § § § § | W-18-CV-00235-ADA |

# FINAL JUDGMENT

Came for consideration the above-entitled cause of action. On this date, the Court granted Plaintiff's Motion for Default Judgment. In accordance with that Order and pursuant to Federal Rule of Civil Procedure 58, the Court now renders the Final Default Judgment as follows:

**IT IS ORDERED** that the material allegations of the Complaint be and are deemed admitted as to Defendant Tom Owens.

**IT IS FURTHER ORDERED** that an event of default occurred on the Loan Repayment and Security Agreement, executed on or about May 1, 2001, by Tom Owens and Janet Owens, payable to Household Bank, F.S.B. ("Note").

**IT IS FURTHER ORDERED** that the Mortgage Home Equity-First Lien, dated May 1, 2001, signed by Tom Owens and Janet Owens and recorded as Document No. 2001013292 in the real property records of McLennan County, Texas ("Security Instrument"), provides Plaintiff, as mortgagee of the Security Instrument, in the event of default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 117 Cleveland St., McGregor, Texas 76657-1790 ("Property"), and more particularly described as follows:

> BEING ALL THAT CERTAIN PROPERTY DESCRIBED AS LOT 11 (ELEVEN) IN BLOCK TWENTY THREE (23) IN THE TOWN OF MCGREGOR AS SHOWN BY THE MAP OF SAID TOWN AS MADE BY

E.F. BATTE OF RECORD AT PAGE 168, BOOK 41, MCLENNAN COUNTY, DEED RECORDS.

**IT IS FURTHER ORDERED** The Security Instrument is reformed so that it only covers Lot Eleven (11) in Block Twenty-Three (23) in the town of McGregor.

**IT IS FURTHER ORDERED** that Plaintiff is the mortgagee of the Security Instrument.

**IT IS FURTHER ORDERED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court.

**IT IS FURTHER ORDERED** that Plaintiff may further communicate with Defendant Tom Owens, and all third parties reasonably necessary to conduct the foreclosure sale.

**IT IS FURTHER ORDERED** that all costs are to be taxed against Defendant Tom Owens.

**IT IS FURTHER ORDERED** that Plaintiff recovers its attorney's fees in the amount of $5,329.50 for its reasonable and necessary fees in filing and prosecuting Plaintiff's claims to enforce its interest in the Property.

**IT IS FURTHER ORDERED** that any relief not specifically granted in this Judgment is **DENIED** and any party not otherwise disposed of is **DISMISSED.**

**IT IS FINALLY ORDERED** that this case is **CLOSED.**

**SIGNED** this 10th day of December, 2018.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE